IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

EQUAL EMPLOYMENT                    :
OPPORTUNITY COMMISSION,             :
                                    :
                Plaintiff,          :     CIVIL ACTION NO. 2:09-cv-02420
                                    :
        v.                          :
                                    :
FESTIVA RESORTS SERVICES, INC.,     :
                                    :     JURY TRIAL DEMAND
                Defendant.          :
                                    :

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Mark Grzelak ("Grzelak") who was adversely affected by such practices.  The Plaintiff alleges that while employed with Festiva Resorts Services, Inc., Grzelak was repeatedly subjected to sexual harassment by a female manager. His repeated complaints about the harassment were ignored by management and, as a result, a hostile work environment was perpetuated, in violation of Title VII.  His employment was made so intolerable that he was constructively discharged.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Carolina, Charleston Division.

## PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times, Defendant ("Festiva Resorts Services, Inc." or "Festiva Resorts") has continuously been a corporation doing business in the State of South Carolina and the city of Murrells Inlet, and has continuously had at least 15 employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.    More than thirty days prior to the institution of this lawsuit, Mark Grzelak filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least October, 2004, Defendant engaged in unlawful employment practices at its Murrells Inlet location, in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a), by subjecting Mark Grzelak to:

 (a) repeated acts of verbal and physical harassment which resulted in a hostile environment based on sex; and

 (b) constructively discharging Grzelak from his employment with Defendant because of the sexually hostile workplace.

8.      The effect of the practices complained of in paragraph 7 above has been to deprive Mark Grezlak of equal employment opportunities and, otherwise, adversely affect his status as an employee because of his sex.

9.      The unlawful employment practices complained of in paragraph 7 above were intentional.

10.      The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Mark Grzelak.

11.      Grzelak began working for Defendant as a sales representative in January 23, 2003.

12.      A female manager began harassing Grzelak in October of 2004, and continued harassing him on almost a daily basis until he resigned on or about August 5, 2005.

13.      Grzelak was repeatedly subjected to crude, unwelcome comments of a sexual nature.

14.    Grzelak was also subjected to physical harassment on several occasions, including touching his legs, inner thighs, groin, and buttocks.

15.    Grzelak complained several times to management officials about the unlawful harassment.

16.    Although Grzelak complained several times about the harassment, no action was taken to stop the harassment and/or prevent it from recurring.

17.    When Grzelak complained to Tom Shaw ("Shaw"), General Manager, Shaw told Grzelak that he "should worry more about [his] job than female problems."

18.    After Grzelak's third complaint to Shaw, Shaw failed to take any remedial action and warned Grzelak that "If you keep bringing this sh*t up, you will be looking for a new job."

19.    Grzelak resigned from his employment with Defendant on August 5, 2005, after he was subjected to more unwelcome physical contact of a sexual nature.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexual harassment against employees, creating intolerable working conditions the effect of which forces employees to resign their employment, and engaging in any other employment practice which discriminates on the basis of sex.

B.    Order Defendant Festiva Resorts Services, Inc., to institute and carry out policies, practices, and programs which provide equal employment opportunities for all

employees and eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant to make whole Mark Grzelak by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    D.    Order Defendant Festiva Resorts Services, Inc., to make whole Mark Grzelak by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including job search expenses, in amounts to be determined at trial.

    E.    Order Defendant Festiva Resorts Services, Inc., to make whole Mark Grzelak by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 7 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant Festiva Resorts Services, Inc., to pay to Mark Grzelak punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

W. WALTER WILKINS
UNITED STATES ATTORNEY

By:    s/BARBARA M. BOWENS
       Barbara M. Bowens (#4004)
       Assistant United States Attorney
       1441 Main Street, Suite 500
       Columbia, South Carolina 29201

September 15, 2009

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Robert K. Dawkins
Regional Attorney
Georgia Bar No.: 076206

Vincent Hill
Trial Attorney
Georgia Bar No.: 354723

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818       (direct)
(404) 562-6905       (facsimile)