IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>       Plaintiff,<br><br>-versus-<br><br>FESTIVA RESORTS SERVICES, INC.,<br><br>       Defendant. | C. A. No. 2:09-2420-DCN-RSC<br><br>**REPORT AND RECOMMENDATION** |

    Mark Grezlak (Grezlak) moves to intervene in this employment discrimination action, to add as a defendant Missy Gilland (Gilland), and to assert South Carolina personal injury claims against Gilland which form also the basis of the employment discrimination claim against Festiva.

    The defendant Festiva Resort Services, Inc. (Festiva), consents to the addition of Grezlak as a party hereto, but opposes the addition of Gilland and any state law personal injury claims.

    Admittedly the proposed South Carolina personal injury claims are subject to a three year statute of limitations, and that in this instance, that period, unless tolled, expired on or about August 5, 2008, three years after the date the Intervener last worked for the defendant. S.C. Code Ann. § 15-3-530(5).

    This action was commenced on September 9, 2009, and the motion to intervene was filed on November 30, 2009, over a year

after the expiration of the statute of limitations.

Grezlak asserts that the South Carolina statue of limitations should be equitably tolled because of the length of time taken by the United States Employment Securities Commission to investigate and seek conciliation of his claim against Festiva for employment discrimination based on sexual harassment.

There are no allegations that the defendants mislead the intervener or did anything to prevent the intervener from filing a timely action in South Carolina courts, that any extraordinary event prevented the timely filing of a South Carolina action, or that the intervener did not know of any information essential to bringing a South Carolina action. Likewise there is no allegation that the Intervener was unaware of the South Carolina statute, and indeed the undisputed facts are that he was concerned about the statute of limitation running.

The basis of the intervener's equitable tolling claim is that it would have been contrary to the spirit of the EEOC conciliatory purposes to bring a state action while settlement negotiations and conciliation were in progress with regard to this federal action. He asserts that judicial economy, fairness and the interests of justice would be met by the application of equitable tolling in this instance.

Equitable tolling is a doctrine which should be used sparingly, and the burden of establishing sufficient facts to

justify the tolling rests on the party seeking the relief. Hooper v. Ebenezer Senior Services, (S.C. 26748, December 14, 2009).

"Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. Baldwin County Welcome Center v. Brown, 466 U.S. 147, 466 U. S. 151 (1984)." Irwin v. Veterans Administration, 498 U.S. 89, 96 (1990) (footnotes omitted).

Here the Intervener admittedly was aware of the pending statute of limitations, had all information necessary to bring his action, was not deceived or tricked by anyone, much less the defendant, into allowing the deadline to pass, and did not file any pleading, during the statutory period. His only excuse is he thought it would be better for all concerned to wait until after the EEOC conciliation had run its course. He argues that it is unfair to bar the action, since the defendant knew of the possibility of the action.

To grant equitable tolling under these circumstances would

3

place in the delinquent litigant's hands the sole discretion as to when his law suit should be filed and leave the defendants in a continuous state of anticipation and vulnerability to suit. It would protect those who intentionally failed to exercise due diligence in preserving legal rights. Such a result would not be fair or equitable. The interests of justice do not compel such and indeed weigh heavily against such a result.

Accordingly, it is recommended that the Intervener's motion to intervene in the existing Title VII claim be granted on consent of the parties, and be denied to the extent it seeks to add any state law personal injury claims.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
December 30, 2009